IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JEANNE WOOD, as Mother of )
Gayle Halee Gieger, deceased, )
)
      Plaintiff, )    Civil Action File No.
v. )    7:25-cv-00122-WLS
)
SOUTHERN HEALTH PARTNERS, )
INC., )
)
      Defendant. )

## STIPULATED CONFIDENTIALITY ORDER

Pursuant to Fed. R. Civ. P. 26, et seq., by stipulation of Plaintiff and Defendant

(collectively referred to herein as the "Parties"), in order to facilitate discovery and

particularly the exchange of documents, things, information, testimony, and other

evidence that constitute trade secrets and/or protected health information,

**IT IS HEREBY ORDERED:**

1.    That documents and things considered by a party or a nonparty from

whom discovery is sought to contain trade secrets; confidential research,

development, or commercial information; or protected health information may be

marked "CONFIDENTIAL," which shall generally be referred to as "Confidential

Information." However, no party or nonparty shall designate material as confidential

unless counsel for the producing party or nonparty believes in good faith that the

designated material is entitled to protection under Fed.R.Civ.P. 26(c).

1

2.      With respect to all documents and things produced by a producing party, whether a party to this action or a nonparty, for inspection and copying, and which are designated as "CONFIDENTIAL" by the producing party, the documents and things, and the information contained therein, shall be kept confidential, and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

(a)     The counsel of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside counsel (collectively referred to as "Counsel");

(b)     The parties to this lawsuit;

(c)     Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by Counsel for any party for the purpose of assisting Counsel in the litigation;

(d)     Third party entities, and the employees of said third party entities, retained by the Counsel to provide support services in this action;

(e)     The Court and court employees, court reporters, stenographers, and videographers;

(f)     The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or

2

other entity with whom such person or people are employed or otherwise affiliated; and

(g)    Such other persons as hereafter may be designated by written agreement of all Parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

Furthermore, the documents and things, and the information contained therein, shall be received and used only for purposes directly related to this action and not for promotional or competitive purposes.

3.    That if depositions are conducted in this action that involve information designated as "CONFIDENTIAL" by a party, their content may be marked and treated in the same manner as documents and things. The portions of said depositions involving such information will be taken "in camera" with no one present except said attorneys, the reporter/videographer, the deponent and such other persons as would be allowed to receive the information under paragraphs 2 and 3 above. Counsel shall also have ten (10) business days after receipt of a deposition transcript to designate portions thereof as "CONFIDENTIAL." If any such deposition testimony is filed with the Court, it shall be filed under seal, shall be marked with reference to this Order and shall not be opened or viewed by anyone other than court personnel, except upon order of this Court.

3

4.      That all persons, other than the Parties and their Counsel, present at the taking of the depositions in which such information is involved, upon notice of the terms of this Confidentiality Order, are hereby enjoined from disclosing to any other person not directly interested in this litigation or not authorized under this Confidentiality Order to receive such information.

5.      Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status by compliance with the Court's General Order 2025-02, In re: Standing Order Access and Management of Sealed Docs.

A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, in camera, to determine if the information is entitled to continued protection.

7.      Information identified as "CONFIDENTIAL" in accordance with this Stipulated Confidentiality Order may be disclosed in testimony at the trial of this action or ordered in evidence at the trial of this action, subject to the Federal Rules of Evidence.

4

8.    Acceptance by a party of any information, document or thing identified as "CONFIDENTIAL" hereunder shall not constitute a concession that the information, document or thing is confidential or a trade secret.

9.    Those documents, deposition transcripts or other information identified by any party as "CONFIDENTIAL" and all copies thereof, shall be retained at the offices of Counsel for the receiving party, and at the termination of this action, (defined as when the lawsuit is no longer pending in this Court as a result of judgment or dismissal, or when all appeals have been exhausted), unless otherwise ordered by the Court, either shall be returned to the producing party or shall be destroyed within 45 days of the termination of this action.

10.    If the receiving party disagrees with the producing party's designation of any document either as "CONFIDENTIAL," the receiving party shall request in writing the producing party to redesignate such document, such request setting forth the specific documents at issue and the reasons the receiving party believes such document should be redesignated. If the producing party does not redesignate the document within five (5) business days after receipt of the request to redesignate, the receiving party may then make a motion with the Court for the Court to order the redesignation of such documents. A party will be entitled to apply for sanctions pursuant to Fed.R.Civ.P. 37 for any designations not made in good faith as required by paragraph 1 of this Order.

11.    If through inadvertence, error or oversight, a party fails to properly designate a document, tangible thing or information as "CONFIDENTIAL" at the time of production or disclosure, that party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally. Furthermore, any party who has received such re-classified information and has not agreed to be bound by this Confidentiality Order shall execute a statement (Exhibit "A") averring that they have read and understand this Confidentiality Order and agree to be bound by its terms. The receiving party shall have ten (10) business days from the receipt of such notice of reclassification to object to such reclassification in writing. Upon such an objection being timely made, this Court shall determine whether or not such material can properly be reclassified. Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally.

12.    By making information and documents designated as Confidential Information available for use in this action, neither Plaintiff nor Defendant have

6

waived or compromised the confidentiality, protectability, or privilege of the information or documents.

13. In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order with respect to any information provided to the Parties by so advising the Parties to this action in writing. Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's rights in its information.

14. Nothing in this Order shall:

(a) Limit a receiving party's use of documents and information obtained other than through discovery in this action;

(b) Limit the right of the producing party to disclose Confidential Information produced by the producing party, such disclosure not being subject to the protective procedures set forth in this Order and which shall not result in waiving the claimed confidentiality (except to the extent the disclosure makes the Confidential Information a matter of public record);

(c) Limit, expand or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to the Federal Rules of Civil Procedure; or

(d)  Limit or restrict the right of any party to attach to or incorporate the content of any Confidential Information in any paper filed with the Court or to show a deponent at a deposition a document that has been designated "CONFIDENTIAL" pursuant to the provisions of this Order, subject to the provisions and protections afforded by this Order.

15.  This proposed Order shall be in effect upon execution by Counsel of Plaintiff and Defendant.  Plaintiff and Defendant agree to be bound by the terms of this proposed Order pending its adoption or supplantation by the Court.

Respectfully submitted this ___ day of _____, 2026.

CONSENTED TO BY:

/s/ Mary Ellen Lighthiser
MICHAEL D. FLINT
Georgia Bar No. 264725
MARY ELLEN LIGHTHISER
Georgia Bar No. 105407
McCLURE & KORNHEISER, LLC
6400 Powers Ferry Rd., Suite 150
Atlanta, Georgia 30339
678-388-2680
mflint@mcclurelegal.com
mel@mcclurelegal.com
Attorneys for Defendant

/s/ Craig T. Jones (with express permission by MEL)
CRAIG T. JONES
Georgia Bar No. 399476
CRAIG T. JONES, P.C.
Post Office Box 66
Savannah, Georgia 31402
(678) 643-0062
craigthomasjones@outlook.com
Attorney for Plaintiff

IT IS SO ORDERED, this _2nd_ day of _April_ , 2026.


_W. Louis Sands_
W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT