IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEANNE WOOD, as Mother of Gayle Halee Gieger, deceased,<br><br>Plaintiff,<br>v.<br><br>SOUTHERN HEALTH PARTNERS, INC.,<br><br>Defendant. | ) | Civil Action File No.<br>7:25-cv-00122-WLS |

**QUALIFIED PROTECTIVE ORDER**

Upon the Parties' Joint Motion, the Court finds that good cause exists for entry of a qualified protective order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and 45 C.F.R. § 164.512(e) to permit the disclosure and govern the use of protected health information during this litigation.

Accordingly, IT IS ORDERED:

1. Scope. This Order applies to all protected health information ("PHI"), as defined by 45 C.F.R. § 160.103, concerning Gayle Halee Gieger that is produced in this action by any covered entity, healthcare provider, business associate, or records custodian. Without limiting the foregoing, this Order applies to PHI maintained by Behavioral Health Services of South Georgia d/b/a Legacy Behavioral Health; Integrated Health Resources, LLC d/b/a

Behavioral Health Link and Georgia Crisis & Access Line ("BHL/GCAL"); BHL/GCAL's contracted mobile-crisis clinicians and providers; and any other covered entity, healthcare provider, business associate, or records custodian possessing responsive PHI concerning Ms. Gieger.

2. Authorization. Any covered entity, healthcare provider, business associate, or records custodian receiving a subpoena, discovery request, or other lawful process in this action is authorized under 45 C.F.R. § 164.512(e) to disclose Ms. Gieger's responsive PHI to the extent otherwise permitted by law. This Order authorizes disclosure but does not itself compel production or enlarge the scope of the process served.

3. Use Limited to This Litigation. PHI disclosed under this Order shall be used or disclosed solely for preparing for or conducting this litigation, including investigation, consultation, discovery, depositions, trial preparation, trial, mediation, settlement, post-trial proceedings, appeal, and uses incidental to this action. It shall not be used or disclosed for any other purpose.

4. Permitted Disclosures. For purposes of this litigation, PHI may be disclosed to the Parties; counsel of record and their employees; insurers and claims professionals involved in this action; retained experts, consultants, and investigators; treating or consulting healthcare providers; witnesses or deponents to the extent reasonably necessary; the Court and its personnel;

court reporters, videographers, mediators, and litigation-support vendors; and the professional and support staff of those persons and entities. Each recipient shall be informed that the PHI is subject to this Order and may be used only for this litigation.

5. Confidential Treatment. PHI disclosed under this Order shall be treated as CONFIDENTIAL under the Stipulated Confidentiality Order (Doc. 11). Nothing in this Order authorizes the filing of PHI under seal without compliance with the Court's applicable rules and procedures.

6. Return or Destruction. Within forty-five (45) days after final disposition of this action, including the exhaustion of all appeals, each Party and each person or entity that obtained PHI under this Order shall return the PHI to the covered entity or other person that produced it or shall destroy the PHI, including all copies made.

7. Continuing Effect. The restrictions on the use and disclosure of PHI and the obligations imposed by this Order survive the conclusion of this action. A copy of this Order shall have the same force and effect as the original.

SO ORDERED, this 22nd day of Sept., 2026.

W. Louis Sands

**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**