**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| JEANNE WOOD,<br><br>Plaintiff,<br>v.<br><br>SOUTHERN HEALTH PARTNERS, INC., and DR. JAMES GRAHAM,<br><br>Defendants. | Case No.: 7:25-CV-00122-WLS |

**ORDER**

Plaintiff Jeanne Wood moves to join Gary Wayne Gieger as a necessary party plaintiff under Federal Rules of Civil Procedure 19(a) and 21. (Doc. 27.)

## I. BACKGROUND

Wood brought this diversity action against Defendant Southern Health Partners, Inc., for the alleged wrongful death of her adult daughter, Gayle Halee Gieger. (Doc. 19 ¶ 1.) Wood alleges that Ms. Gieger was a mentally ill adult who committed suicide in the Tift County Jail because of the negligence of its contract medical provider, Southern Health Partners, and its supervising physician, Dr. James Graham. (*Id.* ¶¶ 1, 17.) Wood claims that since her arrest for multiple counts of aggravated assault, Ms. Gieger had repeatedly exhibited delusional, self-harming behavior. (*Id.* ¶ 9.) On September 25, 2024, Ms. Gieger was taken to Legacy Behavioral Health in Tifton and prescribed medication for her mental health treatment. (*Id.* ¶ 10.) But after her treatment, Ms. Gieger was returned to the jail's general population where Wood alleges she did not receive appropriate treatment or supervision. (*Id.*)

Wood states that over the next several weeks, Ms. Gieger exhibited bizarre behavior, including acting like a dog, "crawling around on all fours, naked, barking, lapping water from a bowl, and eating like a dog from a food tray." (*Id.* ¶ 13.) Wood alleges that these symptoms were largely left untreated, often preventing her from taking her prescribed medications. (*Id.*) According to the complaint, Ms. Gieger got into an altercation with another inmate while in a pill call line on February 1, 2025. (*Id.* ¶ 14.) Wood claims that, as a result, Ms. Gieger did not

receive her medication and was put in isolation for twenty-three hours per day. (*Id.*) During the hour she was let out of her cell, Ms. Gieger allegedly accessed an office from which she took a pair of unlocked ankle shackles. (*Id.* ¶ 15.) Ms. Gieger took the shackles back to her cell where she closed them around her neck, strangling herself. (*Id.*) Wood alleges that Gieger's suicide was the result of Southern Health Partners and Dr. Graham's failure to provide proper medical care (*Id.* ¶ 17.)

Wood brought this wrongful death suit on only her own behalf because she believed that Ms. Gieger's father, Gary Wayne Gieger, was no longer living. (Doc. 27 ¶ 2.) Mr. Gieger and Wood have been separated for 30 years. (*Id.*) Mr. Gieger also has not seen his daughter since she was a small child and has been incarcerated and hospitalized multiple times because of his criminal and mental health history. (*Id.*)

After Wood brought this action, her counsel attempted to have an estate created for Ms. Gieger through the county administrator for the Tift County Probate Court. (Doc. 27 ¶ 3.) Wood later learned that Mr. Gieger was still alive, but mentally incapacitated and residing in-patient at a senior living facility in St. Petersburg, Florida. (*Id.* ¶ 4.) After Wood's counsel informed the county administrator that Mr. Gieger was still alive, the probate court appointed Tifton attorney Elisabeth Torres as a guardian ad litem for the purposes of Ms. Gieger's estate. (*Id.* ¶ 5.) Because Ms. Gieger was survived by both parents, Wood moved to join Mr. Gieger as a necessary party. (*Id.* ¶¶ 8–9.)

## II. LEGAL STANDARD

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if" they claim an interest in the subject of the action and their absence may "as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). While joinder in diversity cases is a question of federal law, state law can determine the outsider's interest in the litigation. *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968); *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986). In diversity cases, the substantive law of the forum state governs the dispute. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426–427 (1996) (citing

*Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Because Wood brings this diversity action in Georgia under Georgia law, Georgia law governs Mr. Gieger's interest in the action. *See id.*

Georgia law provides both surviving parents a right of action for their child's wrongful death. *See* Ga. Code Ann. § 19-7-1(c)(2)(C). And where the surviving parents are "divorced, separated, or living apart," the judge shall, at a post-judgment hearing, "fairly determine the percentage of the judgment to be awarded to each parent." *Id.* § 19-7-1(c)(6).

## III. Discussion

Joinder is feasible here because Mr. Gieger is subject to service of process and his joinder will not divest the Court of jurisdiction. First, Mr. Gieger is an individual residing in a judicial district of the United States and is thus subject to service of process there. And if, as plaintiff's counsel submits, Mr. Gieger is mentally incompetent, he may generally be served according to the law of the state in which he resides. Fed. R. Civ. P. 4(g). In this case, that state is Florida, which prescribes a procedure serving incompetent individuals. *See* Fla. Stat. § 48.042. Second, adding Mr. Gieger as a plaintiff would not divest the Court of jurisdiction. The only current plaintiff in this case is a citizen of Florida while the defendants are citizens of Delaware, Tennessee, and Georgia. (Doc. 19 ¶¶ 1, 5–7.) Adding Mr. Gieger as a plaintiff would thus maintain complete diversity between the plaintiffs and defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted); 28 U.S.C. § 1332(a)(1).

Mr. Gieger must be joined because his absence would impede his ability to protect his interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). Under Georgia law, Mr. Gieger, as a surviving parent, has a right of action for Ms. Gieger's wrongful death. *See* Ga. Code Ann. § 19-7-1(c)(2)(C). This is so even though Wood and Mr. Gieger have been separated for 30 years. *See id.* § 19-7-1(c)(6). In such cases, either parent may move the Court prior to trial to fairly apportion any judgment awarded in the case. *Id.* The Court must then hold a post judgment hearing to "fairly determine the percentage of the judgment to be awarded to each parent." *Id.* Mr. Gieger can protect his interest in any favorable judgment only if he is a party to this litigation. The fact that Mr. Gieger has not seen Ms. Gieger since she was a small child would be relevant to determine the percentage of the judgment that he would be awarded but

would not eliminate his interest in the judgment at this stage. Mr. Gieger must therefore be joined as a party.

## IV. Disposition

Because Mr. Gieger is a necessary party under Rule 19(a), the Court **ORDERS** Plaintiff Jeanne Wood to provide notice of this action and a copy of this Order to Mr. Gieger's guardian ad litem, Elisabeth Torres, within **14 days**. It will then be Torres's responsibility to provide notice of this action to the person who has care or custody of Mr. Gieger and to determine whether to consent to join the action. If Mr. Gieger joins the action, it will also be Torres's responsibility to either retain counsel on his behalf or—if she is admitted to practice before the Court—to represent him in this action. The parties are further **ORDERED** to file a status report within **45 days**, informing the Court whether Mr. Gieger, through a guardian ad litem, intends to join the action as a plaintiff.

**SO ORDERED**, this 16th day of November, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**